IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**DON MILTON STEELE**                                                                    **PETITIONER**

**CASE NO. 2:19-CV-23-JM-BD**

**GENE BEASLEY, Warden,**
**Federal Correctional Institution-Low,**
**Forrest City, Arkansas**[1]                                                           **RESPONDENT**

### RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections**:

This Recommended Disposition (Recommendation) has been sent to Judge James M. Moody Jr. Petitioner Don Milton Steele may file written objections with the Clerk of Court. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. Steele does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.    Background:**

In 2012, Petitioner Don Milton Steele was convicted in the United States District Court for the District of Kansas of counterfeiting and drug-related offenses, as well as possession of a firearm in furtherance of a drug-trafficking crime, a violation of 18

---

[1] Mr. Steele named Doe, Warden, F.C.I. Forrest City-Low as the respondent in his petition. (Docket entry #1) The Clerk is directed to substitute Warden Gene Beasley as the proper respondent in this case.

1

U.S.C. § 924(c). His sentence included two concurrent mandatory minimum terms of 20 years, which the court imposed after finding that Mr. Steele had a qualifying prior felony drug conviction for purposes of imposing an enhanced sentence under 21 U.S.C. § 841(b). *U.S. v. Dyke*,[2] 718 F.3d 1282, 1292 (10th Cir. 2013). The Tenth Circuit affirmed his conviction and the enhancement of his sentence on direct appeal. *Id*. at 1294

In 2014, Mr. Steele filed a motion with the trial court under 28 U.S.C. § 2255. *U.S. v. Steele*, No. 10-20037-01-JWL, 2015 WL 1530554, at 1 (D. Kan. Apr. 6, 2015). The district court denied relief. Mr. Steele filed a notice of appeal, arguing that the government had improperly induced him into committing the offenses (outrageous government conduct and/or entrapment) and had abused its power in seeking an enhancement to his sentence based on an expunged drug conviction. *U.S. v. Steele*, 616 F. App'x 395, 396 (10th Cir. 2015). The Tenth Circuit treated Mr. Steele's notice of appeal as a request for a certificate of appealability and denied it. *Id*. The Court pointed out that Mr. Steele did not raise his outrageous government conduct or entrapment argument in his § 2255 motion; so, it would not consider it on appeal. *Id*. (citation omitted). Further, it held that Mr. Steele's arguments were frivolous, because they merely rehashed arguments he had made on direct appeal, which it had rejected. *Id*. (citing *Dyke,* 718 F.3d at 1285–93).

In 2018, Mr. Steele filed a motion for relief with the trial court under Federal Rule of Civil Procedure 60. *U.S. v. Steele*, 748 F. App'x 858 (10th Cir. 2019). The trial court

---

[2] Randy Dyke was Mr. Steele's co-defendant. *U.S. v. Dyke*, 2015 WL 1530554 at 1.

construed the motion as an unauthorized second or successive § 2255 petition and dismissed it for lack of jurisdiction. *Id*.

Mr. Steele has now filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming: that he is actually innocent; that relief under 28 U.S.C. § 2255 is inadequate; that public law 80-772 is invalid and, therefore, the sentencing court lacked jurisdiction to sentence him and confiscate his property; that the government failed to prove subjective and objective tests of entrapment; and that the government withheld evidence in violation of *Brady*. (Docket entry #1) In his memorandum of law supporting his petition, Mr. Steele argues that the savings clause provision in §2255(e) applies, first, because of changes in the law; and second, because he is actually innocent. (#2 at 1) For relief, Mr. Steele seeks release or remand for resentencing and an evidentiary hearing. (#1 at 7)

### III.  Jurisdiction:

This Court lacks jurisdiction over Mr. Steele's petition. Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside or correct his sentence, under 28 U.S.C. § 2255. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005)). A habeas corpus petition under 28 U.S.C. § 2241, on the other hand, attacks the execution of a sentence, or the manner in which the sentence is being carried out. *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002).

3

The court cannot entertain a petition for habeas corpus under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective</u> to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). The last clause is a provision generally referred to as § 2255's "savings clause." *Abdullah*, 392 F.3d at 959.

A petitioner who wishes to take advantage of the savings clause must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959). But this exception is a "narrowly circumscribed safety valve." *U.S. ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), *cert. denied*, 537 U.S. 869 (2002). The fact that an individual is barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit a petitioner to file under § 2241. *Lopez-Lopez*, 590 F.3d at 907. Furthermore, the § 2255 remedy is not inadequate or ineffective because the claim was previously raised and rejected in a § 2255 motion; or because the petitioner was denied leave to file a second or successive § 2255 petition; or because a § 2255 petition is time-barred. *Id*.

The savings clause applies if the claim is based on a retroactively applicable Supreme Court decision establishing that a petitioner may have been convicted of a nonexistent offense, and if the claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *Mathison v. Berkebile*, 988 F. Supp. 2d 1091, 1098 (D.S.D. 2013) (citing *Reyes-Requena*

4

*v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)); *Perry v. Beasley*, No. 2:18-CV-00057-BSM-PSH, 2018 WL 5269383, at 2 (E.D. Ark. Oct. 10, 2018), *report and recommendation adopted,* No. 2:18-CV-00057-BSM, 2018 WL 5270324 (E.D. Ark. Oct. 23, 2018).

Mr. Steele claims that he is entitled to take advantage of the savings clause because the United States Supreme Court's decision in *Mathis v. United States*, __U.S.__, 136 S. Ct. 2243 (2016), was decided after he filed his first §2255 motion; and, under *Mathis*, his prior convictions under the Kansas State Control Substance Statute no longer qualify under the sentencing guidelines as a drug trafficking offenses.[3] (#2 at 3) The *Mathis* decision, however, did not announce a new rule of constitutional law to be retroactively applied on collateral review under 28 U.S.C. § 2255(h)(2). *Winarske v. United States*, 913 F.3d 765, 768 (8th Cir. 2019); *Martin v. United States*, 904 F.3d 594, 597 (8th Cir. 2018).

Mr. Steele also argues that under *United States v. Dean*, __U.S.__, 137 S.Ct. 1170 (2017), the district court should have considered his mandatory minimum under 924(c) when calculating his sentence for a predicate offense. (#2 at 4) The United States Supreme Court did not address the retroactive application of its ruling in *Dean*; nor has

---

[3] The trial court rejected Mr. Steele's argument in his first § 2255 motion that his counsel was ineffective for failing to argue that his prior felony conviction was not a qualifying predicate conviction for purposes of the enhancement, because it had been expunged as a matter of state law. The court rejected the argument finding it had been thoroughly raised by trial and appellate counsel and because the Tenth Circuit rejected the argument on direct appeal. *U.S. v. Steele*, No. 10-20037-01-JWL, 2015 WL 1530554, at 2 (D. Kan. Apr. 6, 2015).

5

the Eighth Circuit. District courts that have addressed the issue, however, have found that *Dean* does not retroactively apply to cases on collateral review. *See United States v. Brown*, No. 12CR01723SRNAJB, 2018 WL 2135015, at 5–6 (D. Minn. 2018) (listing cases where courts have concluded that *Dean* is not to be applied retroactively for purposes of collateral appeal); *see also Rhodes v. United States*, No. 4:15-CV-00432 JAR, 2018 WL 950223, at 6 (E.D. Mo. Feb. 20, 2018), appeal dismissed, No. 18-1543, 2018 WL 4354411 (8th Cir. June 25, 2018) (holding that *Dean* does not apply retroactively to § 2255 proceedings under the criteria set forth in *Teague v. Lane*, 489 U.S. 288, 311–26 (1989)).

Mr. Steele claims actual innocence based on entrapment. He previously raised a defense of entrapment at trial, on direct appeal, and in his first § 2255 motion. The claim was rejected at each turn. *See Steele*, 616 F. App'x at 396; *Dyke*, 718 F.3d at 1288-1293; *see* also *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009) (prisoner cannot raise, in a § 2241 motion, an issue that could have been, or was actually, raised in a motion filed with the sentencing court (citing *Hill v. Morrison,* 349 F.3d 1089, 1092 (8th Cir. 2003)).

Finally, Mr. Steele claims that public law 80-772 was enacted in, "violation of the Quorum Clause of the Constitution." (#2 at 5) He claims, therefore, that the district court lacked jurisdiction. Again, Mr. Steele has not established that his claim could not have been raised in his original motion to vacate, set aside, or correct his sentence in the trial court.[4]

---

[4] Courts across the country have rejected the argument that Public Law 80-772 was irregularly adopted. *See Cardenas–Celestino v. U.S.,* 552 F.Supp.2d 962, 966 (W.D. Mo.

Here, Mr. Steele is challenging his federal sentence, but he has not demonstrated that seeking relief from the sentencing court would be inadequate or ineffective so as to make him eligible for the savings clause.

## IV. <u>Conclusion</u>:

Because this Court lacks subject matter jurisdiction over the current petition (#1), the petition should be DISMISSED, without prejudice.

DATED this 19th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

2008) (collecting cases); *see also U.S. Civil Serv. Comm'n v. Nat'l Ass'n of Letter Carriers AFL–CIO,* 413 U.S. 548, 550 n. 1, 93 S.Ct. 2880, 2883 n. 1 (1973) (Title 18 has "been enacted into positive law."); *United States v. Collins,* 510 F.3d 697, 698 (7th Cir. 2007) (argument that Title 18 is unconstitutional because of "supposed irregularities in its enactment" is "'unbelievably frivolous.'" (internal citation omitted)). Further, several courts have addressed and rejected the specific claim that a quorum was not present when Congress voted on Public Law 80–772. *See Rhodes v. United States*, No. 4:06CR00218 JLH, 2011 WL 2693571, at 1 (E.D. Ark. July 12, 2011) (collecting cases).